UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES BRASWELL, | No. 2:22-cv-01679-AC |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on January 2, 2020. Administrative Record ("AR") 78, 184-218, 256.[2] The disability onset date for both applications was alleged to be May 20, 2019. AR 189. The applications were disapproved initially and on reconsideration. AR 110-15, 118-24. On April 27, 2021, ALJ Trevor Skarda presided over the hearing on plaintiff's challenge to the disapprovals. AR 33-51 (transcript). Plaintiff appeared with counsel Damian Holzmeister, and testified at the hearing. AR 33, 39. Vocational Expert John Komar also testified. AR 33.

On June 22, 2021, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 16-28 (decision), 29-32 (exhibit list). On July 28, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision). Plaintiff filed this action on September 23, 2022. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 12. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 9 (plaintiff's summary judgment motion), 13 (Commissioner's summary judgment motion, 14 (plaintiff's reply).

II. FACTUAL BACKGROUND

Plaintiff was born in 1964, and accordingly was 57 years old at the time of the ALJ decision, making him a "person of advanced age" under the regulations. AR 212; see 20 C.F.R §§ 404.1563(e), 416.963(e) (same). Plaintiff has a high school education, and can communicate in English. AR 170, 257. He has work history as a laundry truck driver/laborer and as a ceramic tile setter. AR 300.

III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."

---

[2] The AR is electronically filed at ECF No. 8-1 (AR 1 to AR 437).

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

3

Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since May 20, 2019, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.)
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease; bilateral shoulder pain; umbilical hernia; gout; and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant can frequently climb, stoop, kneel, and crawl. The claimant can occasionally crouch. The claimant can frequently reach overhead bilaterally.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a laundry worker II (DOT Code 361.685-018) and home attendant (DOT Code 354.377-014). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from May 20, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 18-28.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI

of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 28.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ's RFC determination is unsupported by substantial evidence because he failed to properly evaluate the opinion of Dr. Elvis Tanson, specifically with respect to the supportability and consistency analysis.  ECF No. 9 at 14.  As plaintiff acknowledges in his briefing (ECF No. 9 at 15), new regulations apply to claims filed on or after March 27, 2017, which change the framework for evaluation of medical opinion evidence.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).  Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and consistency are defined in the regulations as follows:

> (1) Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more

6

persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

The ALJ addressed the opinion of Dr. Elvis Tanson as follows:

> In December 2020, the claimant's family practice physician Elvis Tanson, D.O., completed a Treating Source Statement – Physical Conditions. He noted that that the claimant had various conditions including bilateral shoulder pain with decreased range of motion, low back pain, muscle spasms, umbilical hernia, gout, and morbid obesity. He believed that the claimant could only sit for four hours and stand or walk two hours in an eight-hour workday. Dr. Tanson opined that the claimant would be off task more than twenty-five-percent of a typical workday and he would miss four or more days of work on average as a result of his impairments or treatment. (Exhibit 7F). . . . The undersigned finds that these opinions are not persuasive. The opinions are not supported by treatment notes and the opinions are not consistent with the evidence of record showing relatively normal physical examinations and largely conservative treatment (Exhibit 8F).

AR 26 (medical opinion at AR 405-408).

////

Plaintiff argues that the ALJ's attempt to address supportability by finding that Dr. Tanson's opinion is "not supported by the treatment notes" is based on a false premise, because Dr. Tanson's treatment notes do support the asserted limitations. ECF No. 9 at 17-18. The court agrees that the ALJ's analysis as to supportability is insufficient. The ALJ's only mention of Dr. Tanson's treatment notes, at AR 24, states that Dr. Tanson observed plaintiff to have full muscle strength in the bilateral lower extremities and negative straight leg raise testing despite spinal tightness, spasm, tenderness, and decreased range of motion. AR 24, citing to AR 430. The ALJ does not explain how Dr. Tanson's opinion conflicts with the treatment notes, and no conflict is readily apparent. Dr. Tanson opined that most of plaintiff's limitations stemmed from his knee, back, hip, and shoulder pain. AR 405-08. Simply pointing out that Dr. Tanson observed full muscle strength in the lower extremities and observed a negative straight leg raise test does nothing to explain why the limitations identified by Dr. Tanson, which are related to pain in various areas, are not supported by treatment notes.

However, the ALJ did provided a valid reason for rejecting Dr. Tanson's opinion due to lack of consistency, rendering any error with respect to the supportability analysis harmless. Molina v. Astrue, 674 F.3d 1104, 1111, 1115 (9th Cir. 2012). The ALJ relies on plaintiff's history of relatively conservative treatment and history of relatively normal exam findings. AR 24. Although the first articulated basis for inconsistency may be insufficient, the second is not.

With respect to conservative treatment, the Commissioner argues that plaintiff "only took medication" to treat his knee, back, hip, and shoulder pain during the relevant period. AR 24, citing AR 423, 426. The actual line in the ALJ's opinion is: "To treat his conditions the claimant was prescribed medications." AR 24. This statement does not indicate that the specific medications prescribed for plaintiff constitute "conservative treatment," or that they were effective, or that other treatment options would have been offered if the impairments were more severe. Further, the ALJ also notes that plaintiff testified that "the medications do not help and he continues to have pain." AR 23. The ALJ's reliance on a conservative treatment record is therefore not sufficiently explained to independently support a finding that Dr. Tanson's opinion is inconsistent with the record.

Nonetheless, the ALJ's reliance on "relatively normal physical examinations" to discredit Dr. Tanson's opinion with respect to consistency is supported by the ALJ's discussion of Dr. Roger Wanger's examination findings. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ could have reasonably concluded that Dr. Tanson's opinion was not consistent with Dr. Wanger's medical findings, diminishing the consistency of Dr. Tanson's opinion. Thus, there was at least one valid basis to find Dr. Tanson's opinion inconsistent with the record, and any other error regarding the consistency analysis is harmless. Molina v. Astrue, 674 F.3d 1104, 1111, 1115 (9th Cir. 2012). Because there is no harmful error, remand is not justified.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 13) is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: September 15, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9